DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. FARNSWORTH,

                Petitioner,

    v.

JERI BOE,

                Respondent.

CASE NO. 3:20-cv-05067-BHS-JRC

ORDER

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Before the Court are several motions filed by petitioner: (1) motion for evidentiary hearing (Dkt. 18); (2) motion for order instructing respondent to provide free copies of electronic filings ("motion for copies," Dkt. 19); (3) motion to appoint counsel (Dkt. 20); (4) motion to seal attachment to memorandum (Dkt. 25); and (4) motion to lift stay and a response to petition

- 1

1  ("motion to lift stay," Dkt. 27). Petitioner also filed a status report with respect to the status of
2  his underlying state court case seeking that the stay be lifted in this case. Dkt. 17.
3       Having reviewed the motions and the balance of the record, the Court finds that the stay
4  is lifted and petitioner's motion to lift stay (Dkt. 27) is granted. The motion for evidentiary
5  hearing (Dkt. 18) is denied without prejudice as premature. The motion for copies (Dkt. 19) is
6  denied as petitioner is responsible for his own pleadings. The motion to seal attachment to
7  memorandum is granted as the documents submitted contain medical records. Lastly, the motion
8  to appoint counsel (Dkt. 20) is re-noted for September 21, 2020 after the parties have submitted
9  supplemental briefing and evidence.

10  **DISCUSSION**

11  **I.     Request to Lift Stay (Dkt. 17) and motion to lift stay (Dkt. 27)**
12  On April 27, 2020, the Court stayed the petition because petitioner was in the process of
13  exhausting certain grounds for relief and respondent did not object to the stay. Dkt. 11. Petitioner
14  filed a status report and a motion to lift stay indicating that the Washington Supreme Court
15  denied petitioner's motion to modify the commissioner's ruling on February 12, 2020. Dkt. 17,
16  27, at 1-2, 5. Petitioner attached the ruling denying review to the motion to lift stay. Dkt. 27 at 5-
17  9. Petitioner states that all claims in the petition have been exhausted. *Id.*   Based on the
18  foregoing, the Court lifts the stay of this matter. Respondent shall file an answer to the petition
19  within 45 days of the entry of this Order. On receipt of the answer, the Clerk will note the matter
20  for consideration on the fourth Friday after the answer is filed, petitioner may file and serve a
21  response not later than on the Monday immediately preceding the Friday appointed for
22  consideration of the matter, and respondent may file and serve a reply brief not later than the
23  Friday designated for consideration of the matter.
24

ORDER - 2

**II.     Motion for Evidentiary Hearing (Dkt. 18)**

Petitioner requests an evidentiary hearing to develop the facts asserted in the petition. Dkt. 18.  In this order, the Court lifts the stay and directs respondent to file an answer, *see infra* section I. As an answer has not been filed, the Court does not find good cause for granting leave to conduct discovery and has not determined that an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Petitioner's motion for evidentiary hearing (Dkt. 18) is denied as premature.  But petitioner may renew the motion, if necessary, at a later time, should the issue be ripe for consideration.

**III.    Motion for Copies (Dkt. 19)**

Petitioner moves for a Court order instructing respondent to provide free copies of his electronic filings. Dkt. 19. Petitioner alleges that the prison law librarian refuses to provide petitioner with free copies. *Id.*

First, although the Court granted petitioner's application to proceed *in forma pauperis,* (Dkt. 4), it remains petitioner's responsibility to keep copies of any of his own pleadings and legal documents. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation"). Accordingly, petitioner's motion for copies (Dkt. 19) is denied.

To the extent that petitioner attempts to raise a separate claim alleging that he was deprived of his legal property or denied access to the courts, , petitioner is advised if he seeks to raise claims challenging his conditions of confinement, he must file a separate cause of action pursuant to 42 U.S.C. § 1983.  The Clerk's Office is directed to send petitioner a copy of the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.  The

1  Clerk's Office is also directed to send petitioner copies of the Court's fee schedule and the
2  copying charge letter.

3  **IV.    Motion to Seal (Dkt. 25)**

4  Petitioner moves for the Court to seal attachments to a memorandum in support of his
5  motion to appoint counsel. Dkt. 25. Petitioner alleges that the attachments contain private
6  protected medical records. *Id.* The Clerk provisionally filed the documents under seal pending a
7  Court order on their motion to seal.  *See* LCR 5(g)(2)(B).

8  Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a
9  showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court
10 order expressly authorizes the party to file the document under seal or a party files a motion or
11 stipulated motion to seal before or at the same time the party files the sealed document.  LCR
12 5(g)(1)–(2).  However, the Ninth Circuit has a strong presumption of public access to judicial
13 records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A
14 party intending to file a document under seal must overcome that strong presumption. *Pintos v.*
15 *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).
16 To overcome that presumption when a party seeks to file a document under seal in conjunction
17 with a dispositive motion, the moving party must show a "compelling reason" to support
18 maintaining the secrecy of the document. *Kamakana*, 447 F.3d at 1180. Courts in the Ninth
19 Circuit have found the sensitive nature of a party's medical history may present a compelling
20 reason to allow a party to file documents containing sensitive medical information under seal.
21 *See O'Doan v. Sanford*, 2018 WL 2304040, at *1 (D. Nev. May 21, 2018); *Bell v. Perry*, 2012
22 WL 3779057, at *4 (D. Nev. Aug. 30, 2012); *Hendon v. Baroya*, 2012 WL 6087535, at *2 (E.D.
23 Cal. Dec. 6, 2012).

24

1    Petitioner requests that the Court accept medical documents that he has filed under seal.
2 Dkt. 25. While petitioner did not file a certification that he met and conferred with respondent;
3 respondent has not filed any opposition to petitioner's motion to seal. *See* Dkt. The Court finds it
4 is necessary for petitioner to submit sensitive medical information in order to adequately support
5 his motion to appoint counsel. Because of the sensitive nature of this medical information, the
6 Court also finds that there is a compelling reason to allow petitioner to file these documents
7 under seal. Therefore, petitioner's motion to seal (Dkt. 25) is granted. The Court will consider
8 petitioner's sealed documents with the motion to appoint counsel.

9    **V.    Motion to Appoint Counsel (Dkt. 20)**

10    Petitioner moves for the appointment of counsel. Dkt. 20. Petitioner alleges that he is
11 unable to afford counsel, petitioner has limited access to legal supplies and the law library,
12 petitioner is untrained in the law, three prisoners who have previously assisted petitioner are no
13 longer available, petitioner suffers from post-traumatic stress syndrome and has difficulty with
14 short-term memory and concentration. Dkt. 20. In the attached declaration, petitioner contends
15 that the legal issues are complex, and a hearing is required. Dkt. 21. Petitioner also filed a
16 memorandum and sealed attachments in support of his motion. Dkt. 23, 24. Non-party James
17 Trudeau filed a declaration stating that petitioner is incapable of continuing in this action without
18 assistance due to mental health problems and that Mr. Trudeau has previously assisted petitioner
19 in drafting his pleadings. Dkt. 21.

20    There is no constitutional right to appointment of counsel in habeas petitions because
21 they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir.
22 1990). And although the Court must appoint counsel if an evidentiary hearing is warranted, Rule

1  8(c) of the Rules Governing Section 2254 Cases, petitioner has not established good cause for
2  such a hearing in this case.

3  The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. §
4  1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections*
5  *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances
6  requires an evaluation of both the likelihood of success on the merits and the ability of the
7  plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."
8  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed
9  together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.* Here, it is
10 difficult to determine the likelihood of success on the merits without an answer and the state
11 court record. *See* Dkt. 5. And while petitioner has submitted medical records and declarations
12 relating to a prior mental health assessment, these documents to not establish that he is *currently*
13 suffering from a mental illness which prevents him from understanding and responding to the
14 Court's orders at this time. *See* Dkt. 23, 24.

15 Before the Court is able to make a determination on petitioner's motion to appoint
16 counsel (Dkt. 20), the Court that finds supplemental briefing is necessary to obtain additional
17 information and evidentiary support for petitioner's contentions that his mental health issues
18 limit his ability to litigate this matter. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002)
19 (The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order
20 supplemental briefing.).

21 Accordingly, the Court orders the following:

22 (1) Petitioner is directed to file, on or before September 11, 2020, a supplement to his
23 motion to appoint counsel. Petitioner should address his allegations that he is *currently*

24

suffering from mental health issues which impact his ability to litigate this matter and explain how he has been able to file numerous pleadings before the Court. In this filing, petitioner must include all evidence, facts, and medical records supporting his claim that (1) he currently is suffering from a mental illness and (2) *the mental illness prevents or prevented him from being able to understand and respond to Court orders.* The additional information may include declarations signed under penalty of perjury in addition to recent institutional medical and psychiatric records.

- Respondent shall file a supplemental response to the motion to appoint counsel on or before September 21, 2020. The response shall include the results of respondent's independent investigation into petitioner's competence, including relevant medical records, as well as legal argument.
- Petitioner may file a reply to the motion to appoint counsel on or before September 25, 2020.

The Clerk of Court is directed to re-note the motion to appoint counsel (Dkt. 20) for September 25, 2020

Dated this 13th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge